IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL DAVIS | * | |
|     Plaintiff | | |
| | * | |
| v. | | CIVIL ACTION NO. AW-08-2616 |
| | * | |
| WARDEN, et al., | | |
|     Defendant | * | |

******

| | | |
|---|---|---|
| MICHAEL DAVIS | * | |
|     Plaintiff | | |
| | * | |
| V | | CIVIL ACTION NO. AW-08-2552 |
| | * | |
| WARDEN, et al., | | |
|     Defendants | * | |

******

## **MEMORANDUM**

Defendants have moved for dismissal or summary judgment against Plaintiff Michael Davis. Paper No. 18. Plaintiff has not filed a response.[1] Paper No. 21. No hearing is necessary to resolve the issues before the Court. *See* Local Rule 105.6 (D. Md. 2008). For the reasons stated below, the dispositive motion filed by Defendants, treated as a motion for summary judgment, will be granted.

### **Standard of Review**

Rule 56 (c) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted if

---

[1] Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), on May 19, 2009, Plaintiff was notified that Defendants had filed a dispositive motion, the granting of which could result in the dismissal of this action. Paper No. 19. Plaintiff was also informed that he was entitled to file materials in opposition to that motion within seventeen (17) days from the date of that letter and that failure to file a timely or responsive pleading or to illustrate, by affidavit or the like, a genuine dispute of material fact, could result in the

> the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.
>
> Not every factual dispute will defeat the motion. As the Supreme Court has stated, [b]y its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleadings, but must set forth specific facts showing that there is a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc*., 840 F.2d 236, 240 (4th Cir. 1988). The court must "view the facts and draw reasonable inferences in a light most favorable to the nonmoving party," *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1993), but it must also abide by its affirmative obligation to ensure that factually unsupported claims and defenses to not proceed to trial. *See Felty v. Graves-Humphreys Co*., 818 F.2d 1126, 1128 (4th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-23 (1986)). With this standard in mind, the Court now examines Plaintiff's claims.

## Background

Plaintiff alleges that administrative remedy forms were confiscated or destroyed by Defendants during a search of his cell. He also alleges that Defendants made derogatory racial remarks about his family during the cell search. Paper No. 6, Civil Action No. AW-08-2616, Paper No. 4, civil Action No. AW-08-2552.

## Analysis

---

dismissal of the case or in the entry of summary judgment without further notice of the Court. *Id.*

The Court must first examine Defendants' contention that this action should be dismissed in its entirety due to Plaintiff's failure to exhaust available administrative remedies. The Prison Litigation Reform Act ["PLRA"] generally requires a prisoner plaintiff to exhaust administrative remedies before filing suit in federal court. Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Supreme Court has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Thus, the exhaustion provision plainly extends to Plaintiff's allegations. His claims must be dismissed, unless he can show that he has satisfied the administrative exhaustion requirement under the PLRA or that Defendants have forfeited their right to raise non-exhaustion as a defense. *See Chase v. Peay*, 286 F.Supp.2d 523, 528 (D.Md. 2003).

The PLRA's exhaustion requirement is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. *See Chase*, 582 F.Supp.2d at 530; *Gibbs v. Bureau of Prisons*, 986 F.Supp. 941, 943-44 (D.Md. 1997) (dismissing federal prisoner's lawsuit for failure to exhaust, where prisoner did not appeal administrative claim through all four stages of the BOP's grievance process); *Booth v. Churner*, 532 U.S. 731, 735 (2001) (affirming dismissal of prisoner's claim for failure to exhaust where he "never sought intermediate or full administrative review after prison authority denied relief"); *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir. 2003) (prisoner must appeal

3

administrative rulings "to the highest possible administrative level"); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir.) (prisoner must follow all administrative steps to meet the exhaustion requirement, but need not seek judicial review).

In Maryland, filing a request for administrative remedy with the Warden of the prison in which one is incarcerated is the first of three steps in the Administrative Remedy Procedure ("ARP") process provided by the Division of Correction to its prisoners. If this request is denied, the prisoner has ten calendar days to file an appeal with the Commissioner of Correction. If this appeal is denied, the prisoner has thirty days in which to file an appeal to the Executive Director of the Inmate Grievance Office ("IGO"). *See* Md. Code Ann. Corr. Serv. §§ 10-206, 10-210; Md. Regs. Code title 12 § 07.01.03.

The uncontroverted evidence shows that Plaintiff filed an ARP regarding this incident on October 9, 2009. Paper No. 18, Ex. 6, Civil Action No. AW-08-2616. The ARP was dismissed and deemed without merit on October 12, 2008, and Plaintiff failed to appeal the dismissal to the IGO. *Id*., Ex. 7. Plaintiff alleges in his supplemental complaints that he did not pursue the administrative remedy process because he was feared retaliation; however, the evidence before the Court shows that in regard to other complaints, Plaintiff filed ARPs and pursued those ARPs through the IGO level. *Id*., Exs. 7 and 8. Such actions belie his claim that as an inmate on segregation he could not safely pursue the ARP process.

Plaintiff clearly has failed to exhaust available administrative remedies with regard to his claims. Unlike the prisoner plaintiff in *Taylor v. Barnett*, 105 F.Supp. 483, 486 (E.D. Va. 2000), prison officials do not appear to have frustrated Plaintiff's attempts at exhaustion; instead, Plaintiff through his own inaction failed to file the appropriate administrative appeal.

Dismissal is appropriate. A separate Order will be entered in accordance with this Memorandum.

Date:  August 27, 2009

                                                    _____/s/_____
                                                    Alexander Williams, Jr.
                                                    United States District Judge